# In the United States District Court
# for the Southern District of Georgia
# Statesboro Division

FILED
Scott L. Poff, Clerk
United States District Court

By MGarcia at 10:37 am, Apr 06, 2020

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CR 615-004 |
| v. ) | |
| ) | |
| WILSON R. SMITH, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are Defendant Wilson Smith's motion to modify sentence, pursuant to 18 U.S.C. § 3582(c), dkt. no. 119, and motion to designate his federal sentence run concurrently with his state sentence, dkt. no. 120. These motions have been fully briefed, and, for the reasons below, they are **DENIED**.

## BACKGROUND

In May 2015, pursuant to a written plea agreement, Smith pleaded guilty to mail fraud and aggravated identity theft, in violation of 18 U.S.C. § 1341, and § 1028A(a)(1), respectively. Dkt. Nos. 32, 33. Smith's presentence investigation report reflected an offense level that was based in part, under U.S.S.G. § 2B1.1(b)(2), on the loss amount caused by Smith's criminal conduct. Smith challenged the loss amount, and that issue was addressed at his two-day sentencing hearing in October 2015. Dkt. Nos. 54, 55. The Court found that the loss amount

exceeded $1 million, resulting in a sixteen-level increase in Smith's offense level. Dkt. No. 55 at 380. Smith was sentenced to a total of ninety-six months' imprisonment and ordered to pay restitution of over $1.2 million to the victims of his crimes. Dkt. No. 49.

At the conclusion of the hearing, the Court stated, "I will say that regardless of how the objections would have turned out, looking at the 3553 factors, that is the appropriate sentence in this case." Dkt. No. 55 at 432. Neither Smith nor the Government suggested that Smith's sentence run concurrent to his sentence in any other case, and the Judgment did not include any such provision. Dkt. Nos. 49, 54, 55. Smith appealed his sentence, but his appeal was denied in February 2016 pursuant to a valid appeal waiver. Dkt. No. 60.

In October 2016, Smith was sentenced to ten years in prison in Toombs County Superior Court for state forgery and theft-by-conversion charges for offenses committed in 2013 and 2014. Dkt. No. 120-3. That court stated that Smith's state term was to run concurrent to his federal sentence. Id. According to records from the Georgia Department of Corrections' website, Smith was incarcerated in state prison in November 2016 and released on parole on August 2, 2017. See http://www.dcor.state.ga.us. Smith's federal prison term began the same date.

**DISCUSSION**

**1. Smith's Motion to Reduce his Sentence**

At the time of sentencing, Smith's sentencing guideline range for the mail fraud charge was 63 to 78 months. Dkt. No. 119 at 1. In his motion, Smith argues a change in the Sentencing Guidelines became effective shortly after he was sentenced—a change that would have reduced his offense level for the loss amount by two—and requests that this Court modify his sentence to reflect the lower guideline range. Dkt. No. 119 at 2.

Under 18 U.S.C. § 3582(c)(2), "a court may only grant a sentence reduction on the basis of a Guideline amendment that the Sentencing Commission has expressly given retroactive effect." United States v. Terry, 758 F. App'x 888, 890 (11th Cir. 2019) (citing Dillon v. United States, 560 U.S. 817, 826 (2010) ("A court's power under § 3582(c)(2) ... depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive.")). Sentencing Guideline § 1B1.10(d) specifies which amendments are retroactive, and that list does not include the applicable amendment here, i.e. Amendment 791. See Terry, 758 F. App'x at 890 (holding that Amendments 790, 791, and 792 are not retroactive). Accordingly, this Court lacks the authority to grant Smith's motion, and it is **DENIED**.

**2. Smith's Motion for Federal Sentence to Run Concurrently with his State Sentence**

Smith notes that, at the time of federal sentencing, this Court did not "have an opportunity to stipulate that the [federal] sentence . . . should run concurrently with any subsequently imposed state sentence for related offenses," because a state sentence had not yet been imposed. Dkt. No. 120 at 2. The record does reflect, however, that the parties and the Court were aware of the related pending charges, as they were detailed in Smith's presentence investigation report.

Smith's request that this Court now order his federal sentence to run concurrently with his state sentence is a request to modify his original judgment. However, the Court does not have the authority to modify Smith's sentence at this stage. "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also 18 U.S.C. § 3582(c). None of the statutory provisions apply to Smith: the Bureau of Prisons ("BOP") has not filed a motion asking for a reduction due to Smith's age and circumstances, § 3582(c)(1)(A), the Government has not filed a Rule 35 motion, § 3582(c)(1)(B), Smith's advisory Guideline range has not been lowered by retroactive amendment, § 3582(c)(2), and the 14-day time limit for any correction of

the sentence due to "arithmetical, technical, or other clear error" has long passed, see Fed. R. Crim. P. 35(a).

After a district court sentences a federal offender, the BOP is responsible for administering the sentence. <u>United States v. Wilson</u>, 503 U.S. 329, 331 (1992); see also 18 U.S.C. § 3621. To the extent Smith is challenging the BOP's decision in that regard, his remedy is to file a petition pursuant to 28 U.S.C. § 2241. <u>Antonelli v. Warden, U.S.P. Atlanta</u>, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241."). However, a § 2241 petition must be filed in the district of the prisoner's confinement. <u>See</u> 28 U.S.C. § 2241; <u>see also</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 442-443 (2004).

## CONCLUSION

Smith's motion to modify sentence, dkt. no. 119, and motion to designate his federal sentence to run concurrently with his state sentence, dkt. no. 120, are **DENIED**.

**SO ORDERED**, this 6th day of April, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA